United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO TORRES,<br>              Plaintiff,<br>    v.<br>MICHAEL R. POMPEO,<br>              Defendant. | Case No. 19-cv-04752-JCS<br><br>**ORDER TO FILE EXHIBITS IN THE PUBLIC RECORD** |

Plaintiff Armando Torres filed his complaint and several attached exhibits on August 14, 2019. Because some (but not all) of the exhibits contained personal information, the Clerk provisionally sealed the exhibits as a courtesy, pending Torres's filing of an administrative motion to maintain sensitive information under seal. Torres's counsel thereafter filed a perfunctory motion to seal, but neither specified particular sensitive information to maintain under seal, nor provided any meaningful argument that compelling reasons warranted sealing, as is required to overcome the presumption of public access to judicial proceedings. *See* Admin. Mot. for Leave to E-File Under Seal (dkt. 4); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–81 (9th Cir. 2006). The Court denied that motion without prejudice on November 7, 2019, and set a deadline of November 21, 2019 for Torres to file "a renewed motion in compliance with Local Rule 79-5 seeking narrowly tailored redactions to the versions of the exhibits to be filed in the public record," with notice that "[i]f Torres does not file a renewed motion by that date, the Court may order all documents filed in the public record." Order Denying Without Prejudice Admin. Mot. to File Under Seal (dkt. 12).

That deadline has passed and Torres has not filed a renewed motion. Torres is therefore ORDERED to file any exhibits that he wishes to include with his complaint in the public record no

later than December 10, 2019.  Torres <u>must</u> redact any information regarding third parties that cannot be filed in the public record under Rule 5.2(a) of the Federal Rules of Civil Procedure (such as Carmen Torres's date of birth, included on the copies of her identification cards in Exhibit D), and he <u>may</u> redact any of his own personal information governed by that rule.  *See* Fed. R. Civ. P. 5.2(h) (discussing waiver of protection of a party's own information).  Any exhibits that are not filed in the public record by that date will be stricken from the complaint and will not be considered part of the record of this action.

The Court also notes an apparent administrative error in the docketing of Torres's administrative motion to file under seal.  That motion and the accompanying proposed order were themselves filed under seal.  The Clerk is instructed to unseal those documents.  The copies of the exhibits to the complaint attached to the administrative motion (dkt. 4-3) will remain under seal, but will not be considered for any purpose unless Torres files them in the public record as required by this order.  *See generally* Civ. L.R. 79-5.

**IT IS SO ORDERED.**

Dated: November 26, 2019

_____
JOSEPH C. SPERO
Chief Magistrate Judge